IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

VICTOR A. PATTERSON,            )
                                )
            Petitioner,          )
                                )
        v.                       )    1:08CV240
                                )
THEODIS BECK,                    )
                                )
            Respondent.          )

### MEMORANDUM OPINION AND RECOMMENDATION
### OF MAGISTRATE JUDGE ELIASON

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 21, 1994, in the Superior Court of Moore County, Petitioner pled guilty to first-degree murder in case 92 CRS 9050. He was then sentenced to life imprisonment. Petitioner filed no direct appeal. However, in September of 1999, he did file a motion for appropriate relief in the state trial court. This and other subsequent filings in the state courts were unsuccessful. Petitioner's last filing in state court was denied on November 22, 2002. He mailed his current petition to this Court on April 1, 2008. Respondent now seeks dismissal of the petition.

### Discussion

Respondent requests dismissal on the ground that the petition was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132

---

[1] A petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. <u>Adams v. United States</u>, 173 F.3d 1339, 1341 (11th Cir. 1999).

("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to petitions filed under § 2254 after April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct review. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Finality has been construed to mean when a petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time to file such a petition. Clay v. United States, 537 U.S. 522 (2003); Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002). Where no direct appeal is filed, the conviction becomes final when the time for filing a notice of appeal expires. See Clay.

The one-year limitation period is tolled while state post-conviction proceedings are pending. Harris, supra. The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, the tolling does not include the time to file a certiorari petition to the United States Supreme Court from denial of state

post-conviction relief. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999). For those petitioners whose conviction became final prior to the effective date of AEDPA, they have one year from that effective date, or to and including April 23, 1997, to file a Section 2254 petition. Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998).

Here, the judgment in Petitioner's case was entered on March 21, 1994. Because he did not pursue a direct appeal, his conviction became final ten days later when the time for doing so expired. N.C. R. App. P. 4(a)(2).[2] Petitioner's conviction became final well before AEDPA became effective, meaning that he had until April 23, 1997 to file his habeas petition in this Court. Petitioner did not file it until nearly eleven years later. Although Petitioner did seek collateral review in the state courts, he did not begin this process until 2002, long after his time for filing had expired. His belated attempts at state court relief did not restart his time to file. Minter v. Beck, 230 F.3d 663 (4th Cir. 2000). The petition is clearly time-barred.

Despite being advised of his right to respond to Respondent's motion to dismiss, Petitioner has not done so. Therefore, he has provided nothing to contest the analysis set out above. Still, in his petition, he does attempt to excuse his late filing by asserting that his attorney did not tell him about the ten-day period for filing an appeal and that the North Carolina Department

---

[2] Respondent states that the rule was amended in 2001 to allow fourteen days.

of Correction has not been prompt in delivering his mail. These appear to be arguments seeking equitable tolling of the AEPDA limitation period.

The Fourth Circuit, as well as a number of courts, have held that the one-year limitation period is subject to equitable tolling. Harris, supra; Sandvik, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when a petitioner has been unable to assert claims because of wrongful conduct of the state or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, supra; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000). Circumstances are beyond a prisoner's control if he has been prevented in some extraordinary way from exercising his rights. See Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. Harris, supra; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Likewise, mistake of counsel does not serve as a ground for equitable tolling. Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999); Sandvik, 177 F.3d 1269. Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for

equitable tolling. Akins, 204 F.3d 1086. Waiting years to raise claims in state court and months to raise them in federal court shows lack of due diligence. Pace, supra. Finally, in order to show diligence, the prisoner must show diligence not merely at the federal level, but throughout the entire post-conviction process in order to have equitable tolling available to him. Coleman, 184 F.3d at 402.

As just stated, any mistake by Petitioner's attorney or late delivery of the mail are not sufficient grounds to entitle Petitioner to equitable tolling. More importantly, there is absolutely no way for Petitioner to explain why it took him fourteen years beyond his conviction, or twelve years beyond AEDPA's effective date, to file his petition. He has shown no diligence which would entitle him to equitable tolling. Respondent's motion to dismiss should be granted.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket No. 8) be granted, that the habeas petition (Docket No. 1) be dismissed, and that Judgment be entered dismissing this action.

_____
United States Magistrate Judge

July 24, 2008

-5-

Case 1:08-cv-00240-TDS-RAE   Document 11   Filed 07/24/08   Page 5 of 5